# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ███████████████ | Civil Action No. 25-cv-3800 |
| Plaintiff, | |
| v. | |
| The Partnerships Identified on Schedule A; | |
| Defendants, | |

## COMPLAINT

Plaintiff ████████████████ ("Plaintiff") hereby brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

### I.     JURISDICTION AND VENUE

1.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 101, *et seq*., and the Lanham Act, 15 U.S.C. § 1051 *et seq*. 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391. This Court may properly exercise personal jurisdiction over Defendants because each Defendant intentionally directs business activities toward U.S. consumers, including those in Illinois, through fully interactive e-commerce stores operating under the seller aliases listed in Schedule A. Specifically, Defendants have targeted Illinois residents by establishing and operating e-commerce stores that focus on U.S. consumers via one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payments in U.S. dollars and/or from U.S. bank accounts, and, on information and belief, have sold products incorporating Plaintiff's patented design to Illinois

residents. Each Defendant is committing tortious acts in Illinois, engaging in interstate commerce, and has caused Plaintiff substantial harm in the State of Illinois.

## I.     INTRODUCTION

3.     This is a civil action for design patent infringements pursuant to the Patent Act, 35 U.S.C. § 101 et seq., including 35 U.S.C. § 271; and trademark infringement infringement pursuant to the Lanham Act, 15 U.S.C. § 1051 et seq.

4.     Plaintiff is the exclusive licensee of the design patent for a multi-functional garment bag, registered with the United States Patent and Trademark Office (USPTO) under No. ███████ (the "Plaintiff's Patent"), and is protected from infringement under federal patent law.

5.     Plaintiff is the owner of the federally registered garmentbag trademark, listed in the table below (referred to as the "Plaintiff's Trademark"). The Plaintiff's Trademark is valid, subsisting, and in full force and effect. The Plaintiff's Trademark constitutes *prima facie* evidence of its validity and of Plaintiff's exclusive right to use the Plaintiff's Trademark pursuant to 15 U.S.C. § 1057(b).

| TRADEMARK REGISTRATION | | | |
|---|---|---|---|
| **REG. NO** | **MARK** | **CLASS** | **REG DATE** |
| █████ | █████ | ██ | ██████ |

6.     Without Plaintiff's authorization or license, Defendants are manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate and infringe Plaintiff's Patent and Plaintiff's Trademark (hereinafter, Plaintiff's Patent and Plaintiff's Trademark are collectively referred as "Plaintiff Intellectual Property") within this District through various Internet based ecommerce stores and fully interactive commercial Internet websites operating under the seller identification names set forth on **Schedule A** (the "Infringing Products" or "Counterfeit Products"). See **Exhibit 1**, Plaintiff Intellectual Property.

Such infringement is both deliberate and willful.

7.      As a result, Plaintiff is enduring continuous damages to its design patents at the hands of the Defendants herein, who unlawfully reproduce goods utilizing Plaintiff's Patent to sell for substantial profits. Furthermore, the goodwill associated with Plaintiff's Patent is being harmed by Defendants tricking and confusing the public.

8.      In summary, Plaintiff has spent significant amounts of resources in connection with patent enforcement efforts, including legal fees and investigative fees to battle the harm caused by Defendants' infringement actions.

## III. THE PARTIES

### *Plaintiff*

9.      Plaintiff, ███████████████████████., is a limited company organized and existing under the laws of the People's Republic of China, with its principal place of business in Xiamen City, China.

10.     Plaintiff is the owner of the federally registered "███████ trademark, Reg. No. ███████, registered on ███████████, with the United States Patent and Trademark Office, which remains valid, subsisting, and in full force and effect, granting Plaintiff exclusive rights to use the trademark pursuant to 15 U.S.C. § 1057(b).

11.     Plaintiff is also the exclusive licensee of the U.S. Design Patent No. ███████, titled "███████████████", issued on ███████████, with the right to enforce the patent against unauthorized third-party infringers in the United States, as granted through an Exclusive Patent License Agreement with the patent owner, ███████, effective ███████ ███.

### *The Defendants*

12.     Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on

Schedule A and/or other seller aliases not yet known to Plaintiff. On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

13.     On information and belief, Defendants either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to discover Defendants' true identities and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

14.     Upon information and belief, Defendants in this action are properly joined under Fed. R. Civ. P. 20. This is because the claims against Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, involving the infringement of Plaintiff's patented design. Furthermore, common questions of law and fact exist among all Defendants, including but not limited to their use of identical or nearly identical product images, marketing strategies, and infringing sales practices. If Defendants provide additional credible information regarding their identities and relationships, Plaintiff will take appropriate steps to amend the Complaint.

### IV. DEFENDANTS' UNLAWFUL CONDUCT

15.     Recently, Plaintiff has identified numerous fully interactive, e-commerce stores, including those operating under the Seller Aliases, which were offering for sale and/or selling Infringing Products/Counterfeit Products on online marketplace platforms such as Amazon, eBay, AliExpress, Alibaba, Wish.com, Walmart, Etsy, DHgate, and Temu including the e-commerce stores operating under the Seller Aliases. The Seller Aliases target consumers in this Judicial

District and throughout the United States. According to a U.S. Customs and Border Protection (CBP) Report, in 2021, CBP made over 27,000 seizures of goods with intellectual property rights (IPR) violations totaling over $3.3 billion, an increase of $2.0 billion from 2020. *Intellectual Property Rights Seizure Statistics, Fiscal Year 2021*, U.S. Customs and Border Protection (**Exhibit 2**). Of the 27,000 in total IPR seizures, over 24,000 came through international mail and express courier services (as opposed to containers), most of which originated from China and Hong Kong. *Id*.

*16.* Third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing infringers to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." **Exhibit 3**, Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. 157, 186 (2020); *see also*, report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020), attached as **Exhibit 4** and finding that on "at least some e-commerce platforms, little identifying information is necessary for [an infringer] to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary. Infringers hedge against the risk of being caught and having their websites taken down from an e-commerce platform by preemptively establishing multiple virtual storefronts. **Exhibit 4 at** p. 22. Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, infringers can have many different profiles that can appear unrelated even though they are commonly owned and operated. **Exhibit 4** at p. 39. Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of [infringement]." **Exhibit 3** at 186-187.

17. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer

shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, have sold Infringing Products/Counterfeit Products to residents of Illinois.

18.     Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars and/or funds from U.S. bank accounts via credit cards, Alipay, Amazon Pay, and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. Plaintiff has not licensed or authorized Defendants to use the Plaintiff's Patent and/or Plaintiff's Trademark, and none of the Defendants are authorized retailers of genuine Plaintiff Products.

19.     E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information  to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

20.     E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Infringing Products/Counterfeit Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their operation, and to avoid being shut down.

21.     Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for

identifying Defendants or other Seller Aliases they operate or use. E-commerce stores operating under the Seller Aliases include other notable common features, such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, Infringing Products/Counterfeit Products for sale by the Seller Aliases bear similar irregularities and indicia of being unauthorized to one another, suggesting that the Infringing Products/Counterfeit Products were manufactured by and come from a common source and that Defendants are interrelated.

22. E-commerce store operators like Defendants are in constant communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

23. Infringers such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement. E-commerce store operators like Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff. Indeed, analysis of financial account transaction logs from previous similar cases indicates that off-shore infringers regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

24. Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products/Counterfeit Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product

that infringes directly and/or indirectly the Plaintiff's Patent and/or Plaintiff's Trademark. Each e-commerce store operating under the Seller Aliases offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products/Counterfeit Products into the United States and Illinois over the Internet.

25. Defendants' infringement of the Plaintiff's Patent and/or Plaintiff's Trademark in the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products/Counterfeit Products was willful.

26. Defendants' infringement of the Plaintiff's Patent and/or Plaintiff's Trademark in connection with the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products/Counterfeit Products, including the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of Infringing Products/Counterfeit Products into Illinois, is irreparably harming Plaintiff.

**COUNT I**
**INFRINGEMENT OF UNITED STATES DESIGN PATENT NO.** ▮▮▮▮▮
**(35 U.S.C. § 271)**

27. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

28. Plaintiff is the exclusive licensee of Plaintiff's Patent, with the right to enforce the patent against unauthorized third-party infringers in the United States.

29. Defendants are manufacturing, distributing, offering for sale, selling, and/or importing into the United States Infringing Products/Counterfeit Products which infringe on the ornamental design claimed in Plaintiff's Patent either directly or under the doctrine of equivalents in violation of 35 U.S.C. § 271.

30. Defendants infringe upon Plaintiff's Patent since an ordinary observer, giving the attention a purchaser would give, would believe the products are substantially the same, if not

identical, enough so that an ordinary observer would be induced to purchase a Counterfeit Product supposing it to be Plaintiff's.

31.     Defendants have infringed the Plaintiff's Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from manufacturing, distributing, selling, offering for sale, and/or importing the patented design as well as the loss of sales stemming from the infringing acts. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

32.     Defendants' infringement of Plaintiff's Patent in connection with the Infringing Products/Counterfeit Products has been and continues to be willful. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289; and any other recovery appropriate under 35 U.S.C. § 284.

**COUNT II**
**INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK**
**(15 U.S.C. §1114)**

33.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

34.     Defendants have also used in commerce counterfeit imitations of federally registered Plaintiff's Trademark in connection with the sale, offering for sale, distribution, and/or advertising of Infringing Products/Counterfeit Products.

35.     Without the authorization or consent of Plaintiff, and with knowledge of Plaintiff well-known ownership rights in its Plaintiff's Trademark, and with knowledge that Defendants' Infringing Products/Counterfeit Products bear counterfeit marks, Defendants intentionally reproduced, copied, and/or colorably imitated the Plaintiff's Trademark and/or used spurious designations that are identical with, or substantially indistinguishable from, the Plaintiff's Trademark on or in connection with the manufacturing, import, export, advertising, marketing,

promotion, distribution, display, offering for sale, and/or sale of Infringing Products/Counterfeit Products.

36.     Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, and/or sold their Infringing Products/Counterfeit Products to the purchasing public in direct competition with Plaintiff and the Plaintiff Products, in or affecting interstate commerce, and/or have acted with reckless disregard of Plaintiff's rights in and to the Plaintiff's Trademark through their participation in such activities.

37.     Defendants have applied their reproductions, counterfeits, copies, and colorable imitations of the Plaintiff's Trademark to packaging, point-of-purchase materials, promotions, and/or advertisements intended to be used in commerce upon, or in connection with, the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling of Defendants' Infringing Products/Counterfeit Products, which is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of the Infringing Products/Counterfeit Products, and is likely to deceive consumers, the public, and the trade into believing that the Infringing Products/Counterfeit Products sold by Defendants originate from, are associated with, or are otherwise authorized by Plaintiff Bangles, Inc., through which Defendants make substantial profits and gains to which they are not entitled in law or equity.

38.     Defendants' unauthorized use of the Plaintiff's Trademark on or in connection with the Infringing Products/Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by Plaintiff, and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the Plaintiff's Trademark.

39.     Defendants intentionally induce others to infringe upon Plaintiff's Trademark and/or continue to supply services with the knowledge that the recipient is using such services to engage in such trademark infringement. Defendants have the right and ability to supervise the infringing

activity and have an obvious and direct financial interest in the counterfeit activity.

40.     Defendants' actions constitute willful counterfeiting of the Plaintiff's Trademark in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c).

41.     Defendants' continued intentional use of the Plaintiff's Trademark without the consent or authorization of Plaintiff, constitutes intentional infringement of Plaintiff federally registered Plaintiff's Trademark in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

42.     As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss, irreparable injury, and damage to Plaintiff, its business, its reputation, and its valuable rights in and to the Plaintiff's Trademark and the goodwill associated therewith, in an amount as yet unknown. Plaintiff has no adequate remedy at law for this injury, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss, and damage to Plaintiff and its valuable Plaintiff's Trademark.

43.     Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions, as well as all against, profits, and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages, and/or statutory damages of up to $2,000,000 per-counterfeit mark per-type of goods sold, offered for sale, or distributed, and reasonable attorneys' fees and costs.

## COUNT III
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## (15 U.S.C. §1125(a))

44.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

45.     Plaintiff, as the owner of all right, title, and interest in and to the Plaintiff's Trademark has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

46.     Plaintiff's Trademark is inherently distinctive and is registered with the United States Patent and Trademark Office on the Principal Register; have been continuously used and have never been abandoned; and are valid, subsisting, and in full force and effect.

47.     Defendants' promotion, marketing, offering for sale, and sale of infringing and Counterfeit Plaintiff Products has created, and continues to create, a likelihood of confusion, mistake, and deception among the public as to the affiliation, connection, or association with Plaintiff or as to the origin, sponsorship, or approval of Defendants' Infringing Products/Counterfeit Products by Plaintiff.

48.     By using the Plaintiff's Trademark in connection with the sale of unauthorized products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the unauthorized products.

49.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the unauthorized products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

50.     Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, and intended to cause confusion, to cause mistake, and to deceive the purchasing public, with the intent to trade on the goodwill and reputation of Plaintiff, its Plaintiff Products, and Plaintiff's Trademark.

51.     As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to Plaintiff by depriving Plaintiff of sales of its Plaintiff Products and by depriving Plaintiff of the value of its Plaintiff's Trademark as commercial assets in an amount as yet unknown.

52.     Plaintiff has no adequate remedy at law and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

**COUNT IV**

**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE**
**(815 ILCS § 510, et seq.)**

53.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

54.     Defendants have engaged in acts violating Illinois law, including, but not limited to, passing off their unauthorized products as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of Defendants' goods, thus causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine Plaintiff Products, through Defendants' representation that Defendants' Infringing Products/Counterfeit Products have Plaintiff's approval, when they do not.

55.     The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

56.     Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1)     That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

       a)     using the Plaintiff Intellectual Property, or any reproductions, copies, or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized Plaintiff product, or is not authorized by Plaintiff to be sold in connection with the Plaintiff Intellectual Property;

b) passing off, inducing, or enabling others to sell or pass off any product not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Plaintiff Intellectual Property;

c) shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, which use the Plaintiff's Patent or bear the Plaintiff's Trademark;

d) further infringing the Plaintiff Intellectual Property and damaging Plaintiff's goodwill;

e) using, linking to, transferring, selling, or exercising control over the Defendant Internet Stores, Defendant product listings, or any other domain name or online marketplace account that is being used to sell products or inventory not authorized by Plaintiff, which use the Plaintiff's Patent or bear the Plaintiff's Trademark;

f) operating and/or hosting websites at the Defendant Internet Stores, or any other domain names registered to or operated by Defendants, that are involved with the distribution, marketing, advertising, offering for sale, or sale of products or inventory not authorized by Plaintiff, which use the Plaintiff's Patent or bear the Plaintiff's Trademark;

2)   Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart, Etsy, DHgate, and Temu (collectively, the "Third Party Providers"), shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Infringing Products/Counterfeit Products;

3)   That Defendants account for, and pay to, Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged;

4) For Judgment in favor of Plaintiff against Defendants that they have willfully infringed Plaintiff's rights in its federally registered Trademarks, pursuant to 15 U.S.C. § 1114;

5) That Plaintiff be awarded actual damages, statutory damages, and/or other available damages, at Plaintiff's election, and that the amount of damages for trademark infringement be increased by a sum not to exceed three times the amount thereof, as provided by 15 U.S.C. § 1117, and statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, as provided by 15 U.S.C. § 1117(c);

6) For Judgment in favor of Plaintiff against Defendants, finding that they have willfully infringed Plaintiff's rights in its Plaintiff's Patent, pursuant to 35 U.S.C. § 271;

7) That Plaintiff be awarded Defendants' profits and any other damages as appropriate under 35 U.S.C. § 284, together with interest and costs, for Defendants' infringement of the Plaintiff's Patent.

8) That Plaintiff be awarded treble damages under 35 U.S.C. § 284 for Defendants' willful infringement of the Plaintiff's Patent.

9) In the alternative, that Plaintiff be awarded a complete accounting of all revenue and profits realized by Defendants from their infringement of the Plaintiff's Patent, pursuant to 35 U.S.C. § 289.

10) For Judgment in favor of Plaintiff against Defendants, finding that they have engaged in false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a), and violated the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

11) That Plaintiff be awarded its reasonable attorneys' fees and costs.

12) Award any and all other relief that this Court deems just and proper.

Date: April 20, 2025

Respectfully Submitted,

**J. Zhang and Associates, P.C.**
***Attorney for Plaintiff,***

*/s/  Jiyuan Zhang*

_____
By: Jiyuan Zhang, Esq
3712 Prince Street, Ste 9C,
Flushing, NY 11354
Tel: (718) 701 − 5098
contact@jzhanglaws.com
JZ@jzhanglaws.com